VICENTE ZAYAS PIZARRO, Appellant, *v.* THE REGISTRAR OF PROPERTY OF UTUADO, Respondent.

No. 1217. Submitted November 6, 1947.—Decided January 16, 1948.

Vicente Zayas Pizarro, *pro se.* The Registrar appeared by brief. *Rafael R. Fuertes, Félix Bello,* and *A. Sandín del Manzano,* counsel for the Planning Board who appeared as *amicus curiae.*

Mr. Justice Snyder delivered the opinion of the Court.

The appellant owns a property known as "La Granja" in Adjuntas consisting of 31.93 cuerdas which he acquired in 1927. In 1928 he made a partial urbanization of this property by having an engineer lay out all the lots which would make up the urbanization, the streets and other requirements. However, although their measurements and other aspects were duly delineated on the plan, the lots were not actually segregated.

This plan was submitted in 1928 to the Municipal Assembly of Adjuntas pursuant to Act No. 69, Laws of Puerto Rico, 1925. The Assembly enacted an ordinance which (a) approved the urbanization as to streets 1, 2, 3 and 4, (b) recited that the four streets now became part of the urban area pursuant to law,[1] and (c) provided that the appellant could now proceed to the construction of the houses he believed desirable on these streets, subject to final acceptance by the Department of Health and the permits required by law. In 1928 the Department of Health wrote Zayas that as these streets had been constructed in accordance with plans approved by the Department, "the said streets are now accepted for purposes of building on the same."

Pursuant to this plan of urbanization, the appellant built two houses on two lots. These houses and lots were duly segregated by deeds executed on October 4, 1942 and April 26, 1944, respectively, which were recorded as separate properties without defects. The construction of these houses and the segregation of the lots and houses as separate properties were done in accordance with the aforesaid plan of urbanization.

---

[1] Section 3 of Act No. 69 provides that "When such urbanization is finally approved by the Insular Government and the municipality it shall be understood that the same becomes part of the town, and the maintenance of the streets and other public services shall be in charge of and shall become the property of the Municipality concerned." To the same effect, § 7 of Act No. 11, Laws, of Puerto Rico, 1931.

The appellant built a small house on each of lots 15, 16 and 17 of the said plan of urbanization. By deed of June 24, 1947, he segregated from "La Granja" these lots, measuring 572, 550 and 525 metres, respectively, together with the houses built thereon, in order to register these lots and houses as separate properties. The Registrar refused to record this deed of June 24, 1947 on the ground that there was no showing of approval of the Planning, Urbanizing, and Zoning Board. The appellant filed an administrative appeal from this ruling of the Registrar.

The appellant assigns two errors. The first is that, insofar as lots 15, 16 and 17 are concerned, this case involves an urbanization which was accepted and approved definitively by competent authority in 1928, and consequently the Act creating the Board and the Subdivision Regulations may not be applied retroactively thereto.

■ We are unable to agree with the contention of the appellant that the approval of his plan of urbanization pursuant to Act No. 69 of 1925 requires us to hold that the Act creating the Board and the Subdivision Regulations issued pursuant thereto may not be invoked when the appellant attempts as here after the promulgation of the Subdivision Regulations to segregate a lot pursuant to the said plan of urbanization.

We see no purpose in seeking to determine in this case whether under previous law any government agency was empowered to regulate subdivisions of lots as distinguished from a general plan of urbanization. The fact remains that, as to the lots involved herein, the appellant had taken no steps, in fact or in law, to segregate them before the Act creating the Board and the Subdivision Regulations issued pursuant thereto went into effect. The Legislature and the Board were therefore free to provide by new legislation and regulations for the subdivision of such lots based on standards established therein.

We agree with the Board, which has filed a brief as *amicus curiae,* that "Naturally some provisions of the Regulations ought not and cannot be applied to urbanizations which were completed or under construction when the Subdivision Regulations went into effect. That is to say, the Planning Board has no power to require that the 10-metre streets constructed by the petitioner be widened to the minimum of 13 metres provided in Planning Regulations No. 3. But it must and may intervene and require that lots be formed with the minimum requisites of frontage and area required by the Regulations."

The cases relied on by the appellant—*Sepúlveda* v. *Registrar,* 64 P.R.R. 428; *Matos* v. *Planning Board,* 66 P.R.R. 417; *Rodríguez* v. *Registrar,* 66 P.R.R. 727; *Wilcox* v. *Registrar,* 67 P.R.R. 445—are not in point. In them segregations and subdivisions were made in fact prior to the effective date of the Subdivision Regulations of the Board. That did not occur here. On the contrary, the execution of the deed of segregation here, and the physical fact of segregation of these lots, took place after the Subdivision Regulations went into effect. See *Rivera* v. *Registrar,* 64 P.R.R. 440; cf. *Fortunet* v. *Planning Board,* 67 P.R.R. 245.

The second error assigned by the appellant is that to require approval of the Board of the segregation of these lots impairs the contract between the appellant and the Municipal Government of Adjuntas which came into effect by operation of law under Act No. 69 of 1925 pursuant to which the Municipality acquired the streets in the urbanization once the latter was approved. The argument of the appellant is that under this "contract" the Municipality obtained from him a property interest in the streets in exchange for the right given to him to build houses pursuant to the approved plan of urbanization. He argues that providing new and additional requirements as to subdivisions of houses and lots in this urbanization impairs this right which he acquired

under the "contract". Assuming without deciding that such a question may be raised in an administrative appeal and that Act No. 69 creates in legal effect a contract between appellant and the Municipality, we see no reason why under the police power the Legislature may not nevertheless provide for regulation of subdivisions and segregations by a law which was not in existence when this urbanization was originally approved, provided no subdivision or segregation had in fact been effected prior to promulgation of the new regulation.

The ruling of the Registrar will be affirmed.